By **March 5, 2025**, Government shall file a response. So Ordered.

Dated: February 21, 2025
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN CARLOS MUSTAFA                                    PETITIONER

                                          NO. 24-CV-7288(LGS)
-VS-                                      NO. 93-CR-0203-6(LGS)

UNITED STATES OF AMERICA                               RESPONDENT

### MOTION TO RECONSIDER

    Comes the Petitioner - Juan Carlos Mustafa, "pro se", and pursuant to Rule 59(e), of the Federal Rules of Civil Procedure, moves the Court for an Order setting-aside its Order of January 16, 2025, and to further schedule this matter for an evidentiary hearing on the merits of the claims set-forth in the "Motion to Vacate". The following reasons are submitted in support of this motion:

    THE GOVERNMENT'S ADMISSION THAT JUAN CARLOS MUSTAFA
DID NOT KILL ANY OF THE VICTIMS THAT OTHER MEMBERS OF THE
RICO ENTERPRISE MURDERED ESTABLISHES HIS ACTUAL INNOCENCE
OF AT LEAST SOME OF THE COUNTS FOR WHICH HE RECEIVED A
SENTENCE OF LIFE IMPRISONMENT, AND SUSPENDS ENFORCEMENT
OF THE ONE-YEAR PERIOD FOR BRINGING A COLLATERAL CHALLENGE
TO THOSE CONVICTIONS AND SENTENCES

    On April 24, 2024, the Government submitted its Response to a motion by Juan Carlos Mustafa for compassionate release. The Government opposed the motion, in a

-1-

letter to Judge Schofield. On page 2, thereof, it is admitted that "he did not directly kill any of the enterprise's victims . . ." That admission is in clear contradiction of the Government's prior position, and arguments, that Juan Carlos Mustafa was culpable for some of the homcides, and establishés his actual innocence. In addition, it conflicts with prior findings of this court which based its sentencing decisions, and denial of motions for sentence reduction/compassionate release, on a belief that Juan Carlos Mustafa was responsible for some of the murders. Thus, it constitutes "newly discovered evidence" for Juan Carlos Mustafa to learn that he was not guilty of committing a murder or murders. Attorneys and judges had always led him to believe that he was actually guilty of murdering some of the enterprise's victims. Due to petitioner's unfamiliarity with both the English language, and the legal system of the United States, he was forced to rely on representations made to him by those attorneys and judges, plus, federal prisons do not provide law books pertaining to federal laws and judicial opinions in the Spanish language, and, this petitioner cannot read the English language.

"We hold that actual innocence, if proved, serves as a

gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup and House, or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S.Ct. 1924, 1928 (2013). Instantly, the Government's letter Response to the Court's Order of December 16, 2024, failed to address the "structural" errors which occurred during Juan Mustafa's jury trial, sentencing hearing, and direct appeal process. Letter Response, of January 15, 2025. "A 'structural' error is one that 'infects the entire trial process. . . . and necessarily renders a trial fundamentally unfair.' Neder v. United States, 527 U.S. 1, 8 (1999)." United States v. Lee, 893 F.3d 56,   (2nd Cir.2016). (examples are given). Included, as structural error, and which triggers suspension of the one-year period for filing § 2255 motions, is a situation where a defendant was deprived of counsel, or when counsel abandoned him. Id.(citing Gideon v. Wainwright 372 U.S. 335 (1963); and, White v. Maryland, 373 U.S. 59, (1963)(the absence of counsel from arraignment that had an affect on later trial because of the failure to assert defenses at that stage were irretrievably lost)).

In its letter Response, the Government has not addressed Mustafa's claim of being denied assistance of counsel during

his jury trial, at sentencing, and on direct appeal. "When a State's return to a habeas corpus petition fails to dispute the factual allegations contained within the habeas petition, it essentially admits these allegations." Dickens v. Jones, 212 F.Supp.2d 354, 360 (E.D.Mich.2002). When the facts set-forth in a § 2255 petition are not contested, then they are deemed to be true. Williams v. Kaiser, 323 U.S. 471 (1945). Pleadings drawn by unlettered persons are not to be strictly construed as if they are the work of skilled draftsmen. Jennings v. Illinois, 342 U.S. 104 (1951). Because the Response failed to distinguish or analyze the cases cited by Juan Mustafa for support of his motion to vacate, such failure is the equivalent of an admission; consequently, through adopting the Government's letter as its ruling, the court abdicated its function to address the merits of each claim, unless they are uncontested. Farhane v. United States, 121 F.4th 353 (2nd Cir.2024)(remanding to the district court to reevaluate Farhane's claim).

Neither did the Court's ruling, or Government's letter or, Response, address Ayers v. Ohio dept. of Rehab. & Corr., 2024 US App. LEXIS 21732 (6th Cir., Aug.26, 2024), where the appeals court found equitable tolling of the one-year period because the petitioner, as an indigent prisoner, was not in

-4-

a position to comply with the one-year period for bringing the collateral proceeding because his situation prevented him from discovering the necessary facts. "For such individuals, courts must ACCOUNT FOR THE 'reality of the prison system' when deciding whether due diligence would have unveiled the factual predicate of a habeas petition." Id. at There has been no effort by the Government, or this court, to make a similar inquiry with Juan Carlos Mustafa, and whether he lacked the ability to meet those strict time requioements. The facts identified by Mustafa in his earlier Response to the court's "Show Cause Order" of October 1, 2024, presents a colorable claim of equitable tolling, and demonstrates that structural error occurred in the proceedings leading to his convictions, sentences, and lack of an appeal. Clearly, Mustafa was abandoned by counsel, creating structural error, which is not governed by the one-year period for filing a motion to vacate as he was denied a fundamentally fair trial. Structural defects affect the framework of a trial. Rose v. Clark, 478 U.S. 570, 577-78 (1986). Thus, this claim remains unaddressed.

Mustafa's claim of attorney abandonment was not denied, nor addressed, by the Government's Response, or in the Court's summary Order of dismissal. A new trial was awarded in Pope v. Taylor, 2024 U.S. App. LEXIS 11056 (7th Cir., from a 1996 conviction. The court found at least two violations of Pope's constitutional rights: the right to assistance of counsel; and the right to an appeal equivalent to that available to well-heeled litigants. Emphasis was placed on Pope being denied access to his trial transcripts. Pope's trial attorney, inexplicably, failed to order them, and the court stenographer notes were destroyed. The instant facts involving Mustafa's appeal mirror those in Pope, supra. The trial transcripts were never made available to Mustafa, and, even if they had been, he could not have been capable of using them as he does not read English. Thus, 28 USC § 753(f) was denied, which entitles defendants to a copy of their trial transcripts. Mustafa's trial transcripts remain unavailable to to the present day, thereby dening him of the equal protection of the laws. Britt v. North Carolina, 404 U.S. 226 (1971).

Both the Due Process Clause, and the Equal Protection clause, require that indigent defendants be provided with the basic tools of an adequate defense when they are available for

a price. <u>Britt</u> v. <u>North Carolina</u>, supra. They are applicable to accessing law books, as well. <u>Solomon</u> v. <u>United States</u>, 467 F.3d 928 (6th Cir.2006). Thus, the Equal Protection Clause and the Due Process Clause "largely converge to require that a State's procedure 'afford adeauate and effective appellate review to indigent defendants.'" <u>Smith</u> v. <u>Robbins</u>, 528 U.S. 259, 276. An initial appeal cannot "discriminate between rich and poor rather than between 'possibly good and obviously bad cases.'" <u>Id</u>. at 277.

Absent from the Government's Response is any refutation of Mustafa's claim of "actual innocence", and "attorney abandonment" (constructive denial of counsel). Mustafa's trial counsel was totally unprepared for the jury trial as exhibited by Mustafa's failure to testify in his own defense. His attorney never prepared a defense, nor prepared him to testify, thus, not permitting Mustafa to testify in his own defense. That incompetence carried through by refusing to file a notice of appeal, or even discussing the possible merits of an appeal because it would expose the attrorney's incompetence. <u>Whitley</u> v. <u>Senkowski</u>, 317 F.3d 223 225 (2nd Cir.2003)(ruling that actual innocence suspends the one-year period of limitations).

WHEREFORE, the court is requested to set-aside its Summary Dismissal Order of Jnauary 16, 2025, and to set this matter for an evidentiary hearing.

Respectfully submitted,

*Juan Carlos Mustafa*
JUAN CARLOS MUSTAFA #34427-054
FCI - Gilmer
P O Box 6000
Glenville, WV  26351

## CERTIFICATE OF MAILING

The undersigned hereby certifies that the foregoing was hand-delivered to prison staff members for mailing to the Clerk's Office, 1st Class postage prepaid, this ___ day of February, 2025

*Juan Carlos Mustafa*
DEFENDANT "pro se"

**CERTIFIED MAIL**

7022 2410 0003 5359 9587

Juan Carlos Mustafa #34427-054
Federal Correctional Institution - Gilmer
P O Box 6000
Glenville, WV 26351

**RECEIVED**
FEB 19 2025
PRO SE OFFICE

USM 4P SDNY

34427-054
Clerk - U.S. District Court
500 Pearl Street
New York, NY 10007